Action by James B. Moore and another, as executors, against William Rankin. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Quackenbach & Wise, for appellant.

J. Kelly, for respondents.

PER CURIAM. Since the decision of the cases referred to by counsel for the appellant, this court has held that it is not necessary that the record should show that the defendant was a resident of the city of New York, in order to sustain the jurisdiction of the court below. We think, however, that the judgment should be reversed for error committed by the justice below upon the trial. The important question involved in the case was whether the defendant had leased the apartments in question for a term of one year. The only proof offered upon the subject by the counsel for the plaintiffs was that such agreements were made by one Litkin, stated to be the agent of the defendant; but there was no competent proof of his agency, nor, assuming that he was in some sense an agent of the defendant, did it appear that he had any authority whatsoever to make a lease for such a period. With respect to the fact of agency, the trial justice admitted evidence of the alleged agent's nonjudicial declarations that he was such agent. It is well settled, however, that such extrajudicial statements are not evidence of the fact. The trial justice further erred in admitting in evidence a paper stating the terms of the letting, made by the alleged agent long after the letting is alleged to have taken place, and long after he had admittedly ceased to have anything whatsoever to do with the property or with the defendant. From every point of view, the admission of this paper was erroneous.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

---

(33 Misc. Rep. 87.)

GALLIGAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 27, 1900.)

1. STREET RAILROADS—COLLISIONS—NEGLIGENCE.
    Where plaintiff was injured by collision of a fire engine, on the tender of which he was riding, and a street car, the negligence of the driver of the engine cannot be imputed to him.

2. SAME—OPINION EVIDENCE—QUESTIONS FOR JURY.
    In an action for damages sustained by collision between a fire engine, on the tender of which plaintiff was riding, and a street car, a witness cannot express an opinion as to whether the car or the tender could have first crossed the point of intersection; that being a question for the jury.

Appeal from city court of New York, general term.

Action by John F. Galligan against the Metropolitan Street-Railway Company for injuries sustained by collision between a fire engine, on the tender of which plaintiff was riding, and defendant's car.

From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial (66 N. Y. Supp. 1131), it appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Henry A. Robinson, for appellant.
Philip J. Britt, for respondent.

O'GORMAN, J.   The instruction to the jury that the negligence of the driver of the engine might be imputed to the plaintiff was erroneous (Lewin v. Railroad Co., 41 App. Div. 89, 58 N. Y. Supp. 113); but, as the defendant could not be harmed thereby, it need not receive further consideration.   The judgment must be reversed, however, for error committed in allowing the witness Nott to express an opinion as to whether the defendant's car or the tender could have first crossed the point of intersection where the collision occurred. This bore directly upon the vital question in the case, and was not a subject requiring or permitting the expression of expert skill or knowledge.   Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757. The respondent admits that there was a sharp conflict in the evidence, and, under the circumstances, we think that the admission of this testimony, over defendant's objection and exception, was prejudicial.   The witness was thereby permitted to encroach upon the province of the jury, and, being an eyewitness of the occurrence, his opinion, improperly received, may have unduly impressed the jury in deciding the issues in controversy.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.